[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 27, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-13037

D. C. Docket No. 04-00311 CV-T-26MAP

JAMES R. COBB,

Plaintiff-Appellant,

versus

TSI TELECOMMUNICATIONS SERVICES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(March 27, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and ALBRITTON\*, District
Judge.

PER CURIAM:

---

\*Honorable William H. Albritton, III, United States District Judge for the Middle District of
Alabama, sitting by designation.

Appellant James R. Cobb ("Cobb") appeals the district court's entry of judgment as a matter of law against him in his retaliatory discharge action against his former employer, defendant/appellee Syniverse Technologies, Inc., f/k/a TSI Telecommunications Services, Inc. ("Syniverse"). The issues Cobb presents to us on appeal are (1) whether the district court abused its discretion in granting Syniverse's motion to exclude the testimony of Cobb's statistician witness; and (2) whether the district court properly granted judgment as a matter of law to Syniverse because Cobb could not establish a prima facie case of retaliatory discharge.

We review evidentiary rulings for abuse of discretion and will reverse the district court's decision only in cases where substantial prejudice exists. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 (11th Cir. 2004). Indeed, "[t]he district court has a range of options; and so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).

We review *de novo* a district court's grant of judgment as a matter of law under Rule 50, applying the same standards as the district court. *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003). "We consider whether such sufficient conflicts exist in the evidence to necessitate submitting the matter to the

2

jury or whether the evidence is so weighted in favor of one side that one party must prevail as a matter of law." *Id.* (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc)). Further, "[w]e should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004).

Cobb first argues that the district court erred in granting Syniverse's motion in limine to exclude the testimony of his statistician witness. After reviewing the record, we conclude that the district court properly excluded the statistical evidence. Admission of the statistical evidence was superfluous due to Syniverse's stipulation that Cobb had a good faith belief that he was discriminated against based on his age. Moreover, we agree with the district court's finding that the statistical evidence was more prejudicial than probative. *See* Fed. R. Evid. 403. Finally, even if we concluded that the statistical evidence should be accorded a slight bit of weight, it still had nothing to do with Murphy's motivation.

Cobb also argues that the district court erred in granting Syniverse's motion for judgment as a matter of law because he presented sufficient evidence of causation on his retaliatory discharge claim. First, we conclude from the record that Cobb failed to establish that his layoff was causally related to his internal

3

complaint. It is uncontested that, during the second reduction in force ("RIF") (August 2002) and before Cobb filed his internal complaint, Murphy advised him that Syniverse was contemplating eliminating Cobb's position. In addition, Cobb filed his internal complaint in August 2002, but was not discharged until February 2003. This six months gap between the two events is not "very close" as to establish the necessary temporal proximity. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months). Therefore, given the facts of this case, we conclude that the six months period between Cobb's internal complaint and his layoff falls outside the parameters of establishing causation.

Second, it is undisputed that Cobb's EEOC charge was actually filed after the decision was made to terminate him. Therefore, there can be no participation claim based on retaliation for filing the EEOC charge.

For the above-stated reasons, we affirm the district court's entry of judgment as a matter of law against Cobb.

**AFFIRMED.**

4